CORNELIA BOORAEM, appellant,

*v.*

THE NORTH HUDSON COUNTY RAILWAY COMPANY, respondent.

1. When the language of a deed is sufficient to create an easement of a right of way over the premises conveyed as an appurtenant to the grantor's premises lying adjacent thereto, and words are added indicating a purpose to dedicate the way as a public street—*Held,* that the creation of a public right to be enjoyed *in futuro* whenever the public authorities might see fit to accept the

Booraem v. North Hudson County R. R. Co.

dedication, was not inconsistent with the private easement which enured to the grantor immediately from the grant, and that the latter was entitled to the use of the way, although the public had not accepted the dedication.

2. A preliminary injunction to stay the progress of a public work will not be allowed unless the act threatened to be done will cause irreparable injury.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Booraem* v. *North Hudson Co. R. R. Co.*, *12 Stew. Eq. 465.*

*Mr. J. Henry Stone*, for appellant.

I. The principle of law requiring that a dedication to the public of a highway must be accepted by the public authorities in order to constitute it a legal public highway, is based upon the ground that the expense of its reparation will fall upon the authorities, and they ought not to be subjected to such charge without having first agreed to accept it.

This principle we admit. It can properly be invoked when the question arises between the dedicator and the public authorities or third parties claiming the right to use it as a public highway. It has no application when the controversy is solely between the grantor and grantee of a deed in which such dedication is expressly made or reserved touching the right of the one claiming the benefit of it as against the other who closes up the dedicated strip or obstructs it. As between them, the principles involved relate to easements and to the respective rights of those owning dominant and servient lands arising out of express covenants in the deed. These are private rights, in which the public have no interest or concern. *State* v. *Trask, 6 Vr. 355 ; State* v. *Carver, 5 Strob. 217 ; Hoboken* v. *Hoboken Land and Improvement Co., 7 Vr. 540 ; Dill. on Mun. Corp. § 505 ; Oswego* v. *Oswego Canal Co., 2 N. Y. 257 (267); Child* v. *Chappell, 9 N. Y. 246 ; Bowers* v. *Suffolk Manuf. Co., 4 Cush. 332 ; Newmarch* v. *Brandley, 3 Swanst. 99.*

II. The restraining power of the court of chancery will be exercised in cases where structures are being built illegally, the erection of which will—(*a*) Constitute a destructive trespass, or

(b) Be a continuous and permanent trespass. *Kerr on Inj. (2d Am. ed.) 177; Ware v. Regents Canal Co., 3 DeG. & J. 227; Shipley v. Caples, 17 Md. 179; M. & E. R. R. Co. v. Hudson Tunnel R. R. Co., 10 C. E. Gr. 384; Story v. New York Elevated R. R. Co., 90 N. Y. 123; Frink v. Lawrence, 20 Conn. 117; Boston Water Power Co. v. Boston & W. R. R. Co., 16 Pick. 512.*

III. Where defendants act under a statutory power, their duty is to keep their conduct strictly within the scope of such power. If they exceed the power given, and complainant's rights are interfered with, they cannot excuse themselves on the ground of convenience or necessity, or that the public would otherwise suffer. *Kerr on Inj. (2d Am. ed.) 179, 181 and cases there cited; Seymour v. McDonald, 4 Sandf. Ch. 502.*

Especially is this so where defendant is a corporation. *Kerr on Inj. (Am. ed. 1871) 296.*

IV. A delay in applying for an injunction is no such acquiescence in the commission of the injury complained of as to disentitle the complainant to the writ, unless it appears he had full knowledge of his rights, and encouraged the other party to alter his condition on his faith in this encouragement. *Kerr on Inj. (2d Am. ed.) 19; Society &c. v. Low, 2 C. E. Gr. 19.*

*Mr. John C. Besson*, for respondent.

The structure complained of is being built at the point in question on the defendant's own property, which was conveyed to John H. Bonn for it by the complainant. The work is necessary, and very beneficial to the public. Large expenditures of money had been made by the defendant before the commencement of the suit. The contemplated mode of crossing the land in question is not inconsistent with the use of the same land for a highway or street. The work is authorized by an act of the legislature, entitled " An act relating to the North Hudson County Railway Company, and the railroads of the said corporation, and the other corporations whose stock, property and franchises shall be or have been assigned to it," approved March 27th,

1874, page 1264. The lands on which the structure is built were conveyed by complainant, the appellant, to John H. Bonn for the defendant, by deed of bargain and sale, with the usual covenants and general warranty for the consideration of $25,000.

Under this deed the grantee took all the rights which the grantor had in the land conveyed. The deed does not contain any reservation of any right of way to the complainant. A deed is taken most strongly against the maker, and in favor of the other party. *2 Bl. 380.*

The deed by which the complainant conveyed the lands in question to the defendant contains this clause:

` "Together with all the right, title and interest of the said party of the first part to the lands covered by Ogden and Palisade avenues in front of the lands above described, subject to the easement of said avenues respectively ;. it being understood that Ogden avenue is extended for the same width across said premises and dedicated as a public highway."

This language expresses an intent to dedicate a strip of land to the public for a highway. It has no other meaning.

Ogden avenue has not been opened across the lands conveyed, nor accepted or recognized by the municipality of Jersey City in any manner as a public highway. The lands of the complainant adjoining the lands in question remain in their natural condition,. separated from the defendant's lands by a high board fence.

I. A private way or right of way cannot be created by dedication. *Methodist Church* v. *Hoboken, 4 Vr. 13–18 ; Washb. on Ease. 129.*

II. A dedication is in the nature of a grant to the public,. which remains dormant until the public accepts it.

When the possession of land dedicated is required for public use, it must be demanded by the municipal authorities as representatives of the public, to enforce the public right. *Hoboken* v. *Hoboken Land and Improvement Co., 7 Vr. 540.*

In the meantime, the lands thus made subject to a public easement remain in the possession of the owner of the fee, and he may use them in the same manner as if no dedication had been.

Booraem *v.* North Hudson County R. R. Co.

made until the public demands possession for the purpose of enforcing the public right. Any other doctrine would be against public policy.

There is no certainty that the public will ever accept any dedication. Much land might become useless forever. Hundreds of acres have been dedicated as highways in this state, which will never be accepted nor used as highways. *Washb. on Ease. 139; 2 Smith's Lead. Cas. (7th Am. ed.) 210–212, 155–158.*

The land in question was conveyed by the complainant absolutely, and without any reservation of a private right of way over the same. Therefore the bill should be dismissed.

III. An injunction will not be granted when the complainant has a complete and full remedy at law.

Nor where the injury complained of is slight, compared with the inconvenience to the defendant and the public that would result from the injunction. *Higbee* v. *Camden and Amboy R. R. Co., 5 C. E. Gr. 435 ; Morris and Essex R. R. Co.* v. *Pruden, 5 C. E. Gr. 530.*

In the present case there is no present injury to the complainant even stated in the bill. It is a mere possible injury, dependent upon a future contingency which may or may not happen.

IV. Laches defeats right to injunction. *Easton* v. *N. Y. & L. B. R. R. Co., 9 C. E. Gr. 49.*

The defendant commenced the construction of its works on the lands in question in February, 1884. The bill was not filed until August, 1884.

In the meantime the defendant had expended on the works nearly $300,000. *Kerr's Inj. in Eq. p. 299 § 15.*

The opinion of the court was delivered by

Depue, J.

Mrs. Booraem, the appellant and the complainant in this suit, is the owner of a tract of land containing one hundred and six

city lots lying along the brow and extending to and covering a portion of the crest of Bergen Hill. On the 21st of August, 1882, Mrs. Booraem conveyed to John H. Bonn a strip of land extending across the entire tract from east to west. This conveyance was made to Bonn for the use of the North Hudson County Railway Company, and the premises are being used by the company as the location for the construction of an elevated railroad. The deed, after the description of the premises conveyed, and calling for a boundary upon the line of Ogden avenue extended, contained a clause in these words:

"Together with all the right, title and interest of said party of the first part to the lands covered by Ogden and Palisade avenues, in front of the land above described, subject to the easements of said avenues respectively; it being understood that Ogden avenue is extended for the same width across said premises and dedicated as a public highway."

At the date of this conveyance Ogden avenue was a public highway running north and south and having its southerly terminus at the northerly line of the strip of land conveyed to Bonn. To that line the avenue had been opened, guttered and improved by the municipal authorities of Jersey City. Before the conveyance the complainant had caused a map to be made, on which was traced an extension of Ogden avenue across over her lands, with a view of making sales of lots bounding on the same. This extension of Ogden avenue has never been accepted or recognized by the municipal authorities as a public highway, and the complainant's lands are wholly unimproved.

The company located its railroad, and when this bill was filed was engaged in constructing it on a plan which would carry it across the avenue, as extended, at an elevation of seven feet and nine inches above the natural surface of the ground. The company began the construction of its road at the extension of Ogden avenue in May, 1884. The complainant's bill was filed on the 27th of October of the same year, and at that time the structure had so far advanced as that it was nearly completed. The complainant, in her bill, asks a decree perpetually enjoining the company from constructing its railroad across the avenue unless

the same be an ordinary surface street railroad. Upon filing the bill a rule to show cause why an injunction should not be granted was allowed, with an *interim* injunction until further order should be made. The rule to show cause was heard on bill, answer and affidavits, and a decree was made discharging the rule to show cause and dismissing the complainant's bill. The complainant appealed from the decree upon the ground that the restraining order should have been continued and an injunction in conformity therewith issued. No appeal was taken from that part of the decree which dismissed the complainant's bill. The only question raised is, therefore, whether the denial of a preliminary injunction was erroneous.

The extension of Ogden avenue over the premises conveyed did not, *ipso facto*, become a public highway by the provisions in the complainant's deed. Acceptance by the public authorities or public user is essential to the creation of public highways. *Holmes* v. *Jersey City, 1 Beas. 299.* The reason of this rule is that private persons cannot impose upon the public the expenses of the opening or emendation of public highways. But the contention is that by force of the covenants and stipulations contained in this deed, an easement, or a right in the nature of an easement, was created in favor of the grantor, appurtenant to her other lands, which was distinct from the public right, and in nowise dependent upon the action of the public authorities in the adoption of the extension of the avenue as a public highway.

The premises are described as bounded on Ogden avenue extended, and are conveyed in express terms, subject to the easement of the said avenue. The purpose to extend the avenue over the premises is expressed in the present tense, indicating an intention that, so far as the rights of the parties are concerned, the extension shall be accomplished immediately, and the width of the proposed extension is defined as the same as that of the part of the avenue which was then opened as a public street. By this description the extension of the avenue was made a part of the deed, as much so as if there had been a reference to a map on which the avenue was delineated.

The complainant's lands lie on the south of the premises

conveyed. Ogden avenue as an improved street terminates at the northerly line of the premises conveyed, and the property so conveyed lies between the lands retained by the complainant and the end of the improved street. The extension of Ogden avenue across the premises was obviously intended by the parties to afford means of access to the complainant's remaining lands from the present termination of the avenue, and the language used in the deed is such as is uniformly recognized as sufficient to create an easement of a right of way *inter partes* by way of implied grant. Nor do the additional words with regard to the extension of the avenue being dedicated as a public highway, impair the legal effect of the language of the deed as an implied grant of an easement. The creation of a public right to be enjoyed *in futuro*, whenever the public authorities should see fit to adopt the extension of the avenue as a public highway, is not inconsistent with the private easement which enured to the grantee immediately from the grant. Indeed, whenever a dedication as a public highway is effected—as it usually is—by means of conveyances to private persons by reference to a proposed street over other lands of the grantor, the private rights of the several grantees precede the public right, and are the source from which the public right springs. By such conveyances the grantees are regarded as purchasers by implied covenant of the right to the use of the street, as a means of passage to and from their premises, as appurtenant to the premises granted, and this private right of way in the grantees is wholly distinct from, and independent of, the right of passage to be acquired by the public. There is some controversy whether the private right of way in grantees holding by such conveyances is merged in the public right, when the dedication is consummated by public acceptance, or whether it is merely suspended thereby and will revive if the public right be afterwards abandoned ; but the authorities agree that, by such a description, the grantees acquire a right of way as an easement appurtenant to their lands, although the words of grant indicate, also, a purpose to make the street a public highway, so far as private individuals can make it such by a dedication ; and it is upon the theory that the owner of the

fee, by grants of rights of way in the street to his grantees, has parted with all beneficial ownership in the street, that the public authorities may take it for a public highway without any compensation to him.    *In re Seventeenth Street, 1 Wend. 262;  In re Lewis Street, 2 Id. 472; Livingston* v. *Mayor of New York, 8 Id. 85;  Taylor* v. *Hopper, 62 N. Y. 649;  In re Eleventh Avenue, 81 Id. 436, 446;  Alden* v. *Murdock, 13 Mass. 256;  Thomas* v. *Poole, 7 Gray 83;  Rodgers* v. *Parker, 9 Id. 445;  Fox* v. *Union Sugar Refinery, 109 Mass. 292;  Attorney-General* v. *M. & E. R. R. Co., 4 C. E. Gr. 386;  2 Smith's Lead. Cas. (8th ed.) 178.*

The principle on which the cases cited were decided is applicable to the case in hand; for a grantor may acquire an easement in lands conveyed by apt words in the deed to create such a right, which, by way of estoppel, covenant, or implied grant, will bind the grantee, and the deed will operate as a grant of the fee, subject to the grantor's easement.    *Goddard on Ease. 108;  Cooper* v. *Louanstein, 10 Stew. Eq. 285;  Stetson* v. *Dow, 16 Gray 372.* If the denial of the injunction by the court below rested on the construction of the complainant's deed, the decree could not be supported.

But, on the other ground, there should be an affirmance.    The application heard in the court of chancery was for a preliminary injunction, and the order brought up was an order discharging a rule to show cause for such an injunction, and dissolving the *interim* stay.    An injunction, if granted, would have seriously interfered with the construction of the public work in which the company was engaged.    The complainant's lands are unimproved, and access to them for present convenience can be had by another way.    There is therefore no urgent necessity for present interference by the use of the injunction power.    It also appears by affidavits presented on the part of the defendant that the present surface of the proposed extension of Ogden avenue is irregular, and that by properly grading the same the defendant's structure will be twelve feet nine inches above grade, affording ample room for the passage of vehicles under it.    A preliminary injunction is never granted unless the act threatened to be done will inflict

irreparable injury on the complainant. *Citizens Coach Co.* v. *Camden H. R. R. Co., 2 Stew. Eq. 299.* On this ground the decree should be affirmed.

*Decree unanimously affirmed.*