JOHN SCHMIDT ET UX., PLAINTIFFS IN ERROR, v. GODFREY F. SPAETH, DEFENDANT IN ERROR.

Submitted December 11, 1911—Decided April 19, 1912.

1. The owner of a tract of land who causes a part thereof to be delineated upon a city plan book as a street or highway (even though such action is not sanctioned by the public authorities), and then conveys other portions of the tract by descriptions bounding upon such street or highway, thereby dedicates it to public use.

2. The dedication of land as a public highway does not, *ipso facto*, create such a highway. There must be not only dedication by the owner for that purpose but the acceptance of that dedication by the public in order to create it.

3. Acceptance by the public of the dedication of land as a public highway may be indicated by formal action on the part of the representatives of the public having authority over highways, or by public user of the dedicated land.

On error to the Supreme Court.

For the plaintiffs in error, *Stackhouse & Kramer.*

For the defendant in error, *Bleakly & Stockwell.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action of trespass *quare clausum fregit.* The averment in the declaration is that the defendant with force and arms entered upon the plaintiff's close, being a parcel of land in the city of Camden, twenty feet in width and forty feet in length, and broke down and destroyed a certain fence then and there being upon the land. The defendant pleaded the general issue; and also, specially, that the *locus in quo* was a part of a public highway in the city of Camden, and had been such for more than twenty years preceding the alleged trespass.

The land involved in this controversy is located at the inner end of an alley which opens out of Sycamore street in the city of Camden and runs north on a line parallel with Broadway. The alley had been in existence for more than twenty years next preceding the institution of the suit, but whether it had ever been in actual use as a public way during any part of that period, and whether it included the *locus in quo* prior to the year 1901, were matters concerning which the testimony was contradictory.

On the 19th of July, in the year mentioned, the sheriff of Camden county conveyed to one Benjamin T. Archer, trustee, a tract of land located at the northwest corner of Sycamore street and Broadway, having a frontage of two hundred feet on the former and one hundred and sixty feet on the latter street. The alley referred to was included within the boundaries of this tract, which also embraced the *locus in quo.* After the purchase of the tract, Archer had it surveyed and

laid out in lots having a frontage of twenty feet on Broadway, a depth of one hundred and eighty feet, and running back to a twenty-foot-wide street extending across the rear of all the lots. The old alley, and also the strip of land involved in the controversy between the parties, each lie within the lines of this street. Afterward, and in compliance with instructions from Archer, this twenty-foot-wide street was placed upon the "City Plan Book" at the city hall. Later, and on January 8th, 1902, Archer conveyed one of these lots to Elizabeth Smith by a description which called for a lot with a frontage of twenty feet on Broadway, a depth of one hundred and eighty feet, and bounding in the rear upon "a 20 foot street opening into Sycamore street." On the 16th of the same month he conveyed two more of these lots (adjoining one another) to the plaintiffs. The conveyance described these lots as having together a frontage of forty feet on Broadway and running back one hundred and eighty feet to "the east side of a 20 foot wide street opening into Sycamore street." The *locus in quo* lies immediately in the rear of these two lots, and the fee thereof was, some years later, conveyed to the plaintiffs by the heirs of Archer, he then being dead.

The alleged tortious act charged against the defendant in the declaration was not denied by him, but was attempted to be justified upon the ground that the fence which he tore down was an unlawful obstruction in a public highway, and that he had a legal right to remove it.

The case having been closed with the proofs in the condition which has been indicated, with the title of the plaintiffs to the *locus in quo* shown beyond controversy, and the alleged tortious act of the defendant admitted by him, the only question remaining in dispute was that raised by the defendant's special plea, viz., whether the *locus in quo* was a part of a public highway. The trial judge considered that the acts of Archer which have been referred to amounted to a dedication of the "20 foot wide street" to public use, and constituted it a public highway, and thereupon instructed the jury to render a verdict in favor of the defendant. The cor-

rectness of this judicial action is now challenged by the plaintiffs.

We concur in the view of the trial court that the act of Mr. Archer in causing this "20 foot wide street" to be delineated upon the city plan book, and his conveying of lots by descriptions which called for this street as their rear boundary, constituted a dedication of it by him to public use. Such acts, by a grantor, make the rule laid down by this court in *McAndrews & Forbes Co.* v. *Camden,* 8 *Buch.* 244, and the cases therein cited, applicable. But the dedication of land for the purpose of a public highway does not, *ipso facto,* create such a highway. There must be not only a dedication by the owner for that purpose, but an acceptance of that dedication by the public, in order to create it. *Holmes* v. *Jersey City,* 1 *Beas.* 309; *Pope* v. *Town of Union,* 3 *C. E. Gr.* 283; *Attorney-General* v. *Morris and Essex Railroad Co.,* 4 *Id.* 391; *Booraem* v. *North Hudson County Railway Co.,* 12 *Stew. Eq.* 467; *S. C., on appeal,* 13 *Id.* 563; *New York and Long Branch Railroad Co.* v. *South Amboy,* 28 *Vroom* 258, 259. Such acceptance may be indicated by formal action on the part of the representatives of the public having authority over highways, or by public user of the dedicated land. *Booraem* v. *North Hudson County Railway Co.,* 13 *Stew. Eq.* 563; *Abbott* v. *Cottage City,* 143 *Mass.* 525; *Ell. S. & Roads* (ed. 1890) 114.

In the present case no formal act by the public authorities of Camden was shown which tended to indicate an acceptance by them of the proferred street. It is true that there was a delineation of it upon the city plan book, but there was no proof that this plan book was in the custody or under the control of the municipal board in charge of the city streets, nor that the delineation of the street therein was done under its sanction, or even with its knowledge. Nor was there any conclusive evidence of such a public user of the street as would indicate an acceptance of it by the public. As has already been stated, the character of the user of the alley or street, both before and after the dedication, was a matter concerning which the testimony was contradictory, that offered

on behalf of the plaintiffs tending to show that the user was confined to the owners of the property which abutted upon the alley or street and persons having business with such owners, while that submitted by the defendant showed a more general and extensive use thereof. The trial court, therefore, should have left the question whether an acceptance of this dedicated street by the public was indicated by the character of the user to which it had been submitted after the dedication, to be resolved by the jury, and it was error to take it from them.

The judgment under review will be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 14.