JOHN N. SCHMIDT ET UX., RESPONDENTS, v. GODFREY F. SPAETH, APPELLANT.

Submitted March 23, 1914—Decided June 15, 1914.

1. The dedication of land as a public highway does not, *ipso facto*, create such a highway. There must not only be dedication by the owner, but acceptance by the public, in order to create.

2. Any formal action with relation to land dedicated to public use as a highway, taken by the representatives of the public having authority over highways, which can only be legally justified upon the theory that the land dedicated is presently subject to a public user, constitutes a formal acceptance of the dedication.

3. The governing body of the city of C. having authority and control over the highways of the city, ordered the removal of a fence which had been built across a court, or alley, which had theretofore been dedicated to public use. *Held*, that such action by the governing body constituted an acceptance of the dedication.

On appeal from a judgment of the Camden Circuit Court.

For the appellant, *Bleakly & Stockwell.*

For the respondents, *Stackhouse & Kramer.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action of trespass based upon the claim that the defendant entered upon lands of the plaintiffs, and destroyed a fence erected thereon by them. The defendant justified his action because, as he averred, the *locus in quo* which is known as French's court, was a public highway, and the fence constituted an unlawful obstruction therein which interfered with his free use of the way.

The judgment under review was entered on a verdict had at a second trial of this cause. At the first trial the same defence was interposed, and the trial judge, considering that a dedication of the *locus in quo* to public use by a predecessor in title of the plaintiffs had been conclusively shown, directed a verdict in favor of the defendant. Upon review in this court the judgment entered pursuant to such direction was reversed, this court holding that dedication did not, *ipso facto,* create a public highway; that there must be not only dedication by the owner, but acceptance of the dedication by the public, in order to create it; and that such acceptance might be shown either by formal action on the part of the representatives of the public having authority over highways, or by public user of the dedicated land. No evidence was offered on the trial showing formal acceptance by the public authorities, and whether or not there had been such a public user of the dedicated land as to constitute an acceptance was considered not to have been conclusively shown. *Schmidt v. Spaeth,* 82 *N. J. L.* 576.

When the case came on to be tried a second time the defendant, for the purpose of proving acceptance by formal action on the part of the representatives of the public having authority over highways in the city of Camden (the municipality in which French's court is situated), showed that in

September, 1909, previous to the commission of the alleged tort, the plaintiffs had erected a fence across it, and that when this fact was brought to the notice of the street committee of the common council of Camden by the street commissioner of that city, this committee, by formal resolution, instructed the commissioner to notify the plaintiffs to remove the fence within five days, and in the event of their failure to do so, to take it down himself. That pursuant to such resolution the street commissioner served a notice in writing upon Mr. Schmidt in the following words: "In pursuance of a resolution passed by the committee on streets and highways you are hereby notified to remove within five days a fence erected by you in French's court. On failure on your part to comply with this notice in the time specified I will proceed and remove the same. Respectfully yours, L. Morman, Street Commissioner." That subsequent to the service of this notice the plaintiffs removed the fence as required thereby. That at the next meeting of the common council the street committee reported its action to that body, that its report was received and the action of the committee confirmed by common council. The municipal action above recited was conceded to have taken place, but it was contended on the part of the plaintiffs that it did not amount to a formal acceptance of the dedication of French's court to public use, as was shown by the fact that, in 1912, and after the commission of the alleged trespass charged against the defendant, common council passed a formal resolution expressly accepting French's court as a public highway.

The trial court being in doubt as to the legal effect of the municipal action of 1909, in view of the subsequent action of common council in 1912, refused to direct a verdict in favor of the defendant, and left it to the jury to determine. The jury found in favor of the plaintiffs, and defendant appeals.

The principal ground upon which this appeal is rested is that the trial court erred in refusing to direct a verdict, the contention being that the action taken in 1909 by the street committee and its officer, subsequently ratified by common

council, constituted a formal acceptance of the dedication
of French's court as a public highway. In our opinion this
contention is well founded. It is conceded that the common
council of the city of Camden are the representatives of the
public having authority over the highways of that munici-
pality. As we pointed out in our earlier consideration of this
case, formal action on the part of such a body, indicating a
present intention to accept a dedication of land as a public
highway, renders it such. By "formal action" is not meant
the passing of a formal resolution by the terms of which the
dedication is accepted, but such action as conclusively shows
an intention to presently treat the dedicated land as an ex-
isting public way. For instance, the bringing of an action
of ejectment by the municipal authorities to obtain possession
of land dedicated to public uses has been held to constitute,
by necessary implication, an acceptance of the dedication.
*Atlantic City* v. *Groff,* 64 *N. J. L.* 528; *Hohokus* v. *Erie
Railroad Co.,* 65 *Id.* 362. So, too, formal action by the mu-
nicipal authorities providing for the paving, curbing and gut-
tering of a dedicated street at public expense, would con-
stitute an acceptance of the dedication. In fine, any formal
action with relation to property dedicated to public use as a
highway, taken by the representatives of the public having
authority over highways, which can only be legally justified
upon the theory that the land dedicated is presently subject
to a public user, constitutes a formal acceptance of the dedi-
cation. The action of the street committee of Camden in
directing the street commissioner to notify the plaintiffs to
remove the fence which they had erected in French's court,
and requiring that officer to himself remove it in case of the
failure of the plaintiffs to observe the notice, and the rati-
fication of such action on the part of the committee by common
council, was a formal assertion by the municipal authorities
that the construction of the fence was an unwarranted in-
vasion of public rights, and was as much a declaration of the
acceptance of the dedication as is the bringing of an action
of ejectment. Upon the proofs submitted, therefore, the de-
fendant was entitled to the direction of a verdict in his

favor; for the subsequent action (in 1912) of the municipal authorities in passing a formal resolution of acceptance, could not operate to destroy the public right in this highway which had been made complete by its earlier action in 1909.

The judgment under review will be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Kalisch, Bogert, Vredenburgh, White, Heppenheimer, JJ. 12.