DANIEL J. PACKER AND FANNIE K. PACKER, PLAINTIFFS, v. THE MAYOR AND COUNCIL OF THE CITY OF WOODBURY, DEFENDANTS.

Decided June 9, 1925.

**Highways—Dedication—Alleged Dedication Fifty Years Ago— No Street Laid Out, and Others Occupy Land as Their Private Property—Burden on Prosecutor of Writ to Prove Lack of Dedication—Case Not Established—Prosecutors Entitled to Verdict of a Jury—Rule to show Cause For Writ of Certiorari Dismissed and Ejectment Proceedings on Part of City Suggested.**

On rule to show cause.

Before Mr. Justice KATZENBACH.

For the plaintiffs, *Austin H. Swackhamer.*

For the defendants, *Francis B. Davis.*

The opinion of the court was delivered by

KATZENBACH. J.  A rule to show cause was allowed in the above case to the prosecutors, Daniel J. Packer and Fannie K. Packer, to determine whether a writ of *certiorari* should be granted to review an ordinance of the city of Woodbury, passed at a meeting of the council of said city on February 20th, 1923, and approved February 23d, 1923, by the mayor of said city.  The ordinance in question provides for the extension, laying out and opening of Union street, in the city of · Woodbury.  Under the rule testimony has been taken. Counsel have entered into a stipulation respecting many of the facts with reference to the controversy.  The question for consideration is whether or not there has been dedicated a street in the city of Woodbury thirty feet in width, known as Union street, extending from Hunter street northwardly to lands formerly belonging to Robert K. Matlock.  The prosecutors contend that no street has ever been dedicated to the public as recited in the said ordinance.  The city of Woodbury contends that the street was dedicated upwards of fifty years ago, and that while during this length of time it has not been land out and used as a street, yet by reason of said dedication the city of Woodbury can at any time accept the same as a public street and improve it.  The prosecutors have included within the lawn surrounding their proporty a portion of Union street, if such exists.  Upon the tract claimed by the city ·as a part of Union street ·a number of handsome shade trees exist.  Valuable shrubbery has also been planted.  The. trees and shrubbery would be destroyed if the street is opened and improved.  The residence of the prosecutor would come within seven feet of ·the easterly boundary of the street if opened.  It is conceded by both sides to the controversy that the delay of many years upon the part of the city of Woodbury in accepting Union street and utilizing it as a highway is no bar to the city exercising at the present time its right, if such right exists.. This is the law, the most recent case holding to this effect being that of *Tweddell* v. *South Orange,* 95 *N. J. L.* 327.

The difficult question for decision in the present case is whether or not there has been a dedication of Union street. It is encumbent upon the prosecutors, in order to be entitled to a writ of *certiorari* to review the ordinance in question, to show that the street has not been dedicated. If it was dedicated, then the city has a right to accept the dedication and to take steps to remove the obstructions in said street. I am not satisfied from the testimony and facts stipulated that Union street was not dedicated. The stipulation of facts recites that Daniel Thackara became seized of the lands comprising the thirty feet which the city claims as Union street, by deed from Lawrence Cake and others, dated March 26th, 1867, and recorded April 18th, 1867, in the Gloucester county clerk's office in book E-5 of deeds, at page 584. In various deeds by Thackara reference is made to a thirty-feet wide street. This reference is contained in a deed made by Thackara to Cake, dated April 17th, 1867, and recorded April 18th, 1867, in the Gloucester county clerk's office in book F-5 of deeds, page 587. It is a portion of these lands which the prosecutors now own. There is also a reference to said street in other deeds set forth in the stipulation of facts. The prosecutors' lands are a part of these lands. There appears to be no platting of the lands. The street appears upon several atlases, but there is nothing to show that the placing of this street upon the atlases was done with the consent of the owners of the land.

The general principle of law is clear that, while the mere survey and the platting of lands into lots defining streets will not, without a sale, amount to a dedication, yet a sale of lots with reference to such platting, or by describing the lots as bounded by such streets will, as between the grantor and grantee, amount to an irrevocable dedication of the streets. But, in order that the dedication be to the public use, it must not only have the assent of the owner of the soil, but there must either be a formal authorized acceptance on the part of the pulic authorities or else an actual enjoyment by the public of the use for such length of time that the public accommodation would be materially affected by a denial or interruption of enjoyment. A proof to the satisfaction of the court

of marking on a plat, accompanied by public use, sustains the right of dedication claimed by the public against the owner or those claiming under him. *New York and Long Branch Railroad Co.* v. *South Amboy,* 57 *N. J. L.* 252.

In the present case no platting of lands into lots and streets was made. Therefore, from the standpoint of the city, there is lacking some of the evidence usually found in this class of cases.

In *certiorari* proceedings, where it appears, without dispute, that various owners, for the time being, of the lands on both sides of the alleged street have made conveyances to purchasers bounding in the property or point running along said street without any reservation or declarations to that it was not intended thereby to dedicate it, it has been held that such street was effectually dedicated as a public highway. *Tweddell* v. *South Orange, supra.* In the present case the prosecutors have not satisfied me that there has been no dedication of Union street. For this reason I have reached the conclusion that they are not entitled to a writ of *certiorari* to review the ordinance in question. If I allowed a writ, and the Supreme Court should then hold that there was no dedication, this would preclude the prosecutors from that which, I think, they are entitled to, namely, the verdict of a jury on whether or not there has been a dedication of Union street, so called. The prosecutors are in possession of a part of the alleged street. The city of Woodbury can bring an action of ejectment against them. This will effectually dispose of the question. It would seem to me that, under the facts as disclosed upon the present application, such a course is preferable to that of attempting to have the question determined by *certiorari.*

The rule to show cause will, for these reasons, be discharged.