BENEDICT STOCKHOLD, PROSECUTOR-APPELLANT, v. JACKSON TOWNSHIP, IN THE COUNTY OF OCEAN, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.

Argued May 21, 1947—Decided October 21, 1947.

For the prosecutor-appellant, *Barkalow & McGowan* (*Ward Kremer,* of counsel).

For the defendant-respondent, *Robert A. Lederer.*

The opinion of the court was delivered by

EASTWOOD, J.   Prosecutor-appellant, Benedict Stockhold, sought to test by *certiorari* the validity of an ordinance adopted by the Township Committee of Jackson Township, a municipal corporation of Ocean County, on June 6th, 1946, which ordinance specifically repealed a prior ordinance adopted by the Township Committee on November 20th, 1945,

entitled "An Ordinance Vacating a Part of a Public Highway or Road in Jackson Township, Ocean County, New Jersey, Known as and Named Bates Road." The ordinance of November 20th, 1945, was passed at the solicitation of prosecutor-appellant and had as its specific object the vacating of a portion of a public highway or road in the municipality known as "Bates Road." The portion vacated runs through the land of prosecutor-appellant, he being the abutting owner on both sides of said road. The Supreme Court dismissed the writ of *certiorari* on the theory that the ordinance of November 20th, 1945, was illegally procured by Stockhold by means of fraudulent misrepresentation and that, therefore, the municipality had the authority under the general ordinance power granted by *R. S.* 40:67–1 to enact the repealing ordinance of June 6th, 1946. It is from that determination that the present appeal emerges.

Prosecutor-appellant has assigned fifteen grounds of appeal. These may be summarized to the effect that the court below fell into reversible error in holding that (1) the statutory power to repeal ordinances on the part of municipalities granted by *R. S.* 40:67–1 vested the municipality with the power to repeal the ordinance of November 20th, 1945; and that (2) the ordinance of November 20th, 1945, vacating the road in question, had been adopted as the result of fraud committed by prosecutor-appellant.

Addressing our attention to ground (1), it will be perceived that defendant-respondent contends that the statutory authority vested in municipalities to make, amend, repeal and enforce ordinances, is plenary in nature and vests in a municipality the authority to repeal previously enacted ordinances generally. It is said that the respondent municipality, having reconsidered its action in adopting the ordinance of November 20th, 1945, and concluding from such reconsideration that its previous action was ill-advised and not in the best public interest, the municipality had, under its general ordinance powers, full right and authority to enact the repealing ordinance of June 6th, 1946. We think not. There are ordinances under which, as here, private rights become vested. Such vested rights, having been created by a lawful and duly

enacted ordinance, cannot constitutionally be disturbed. Particularly is this so where an interest in land had become vested by virtue of the provisions of the ordinance in question. Having been validly and lawfully created, such vested rights cannot be impaired or destroyed by a subsequent enactment by the municipality. See *McQuillin on Municipal Corporations* (2d ed., revised), § 871.2. *Hudson Telephone Co.* v. *Jersey City,* 49 *N. J. L.* 303; 8 *Atl. Rep.* 123; *Montefiore Cemetery Co.* v. *Newark,* 3 *N. J. Mis. R.* 1100; *Phillipsburg Electric Co.* v. *Phillipsburg,* 66 *N. J. L.* 505; 49 *Atl. Rep.* 445; *The Dartmouth College Case,* 17 *U. S.* 518; *City of St. Louis* v. *Western Union Telegraph Co.,* 148 *U. S.* 92; 37 *L. Ed.* 380; *Louisiana* v. *St. Martin's Parish,* 111 *U. S.* 716; 28 *L. Ed.* 574. It is well established that an abutting owner's title carries to the center of a right of way, subject only to the public easement therein, in the absence of a contrary intention appearing in the abutting owner's deed. It is usually immaterial, therefore, that the description of the abutting owner's tract adjoining a public way does or does not specifically include the appurtenant portion of the right of way; in either case, title passes subject to the public easement. See *Patton on Titles,* § 92. It is thus clear that title to the road in question, if validly vacated by the ordinance of November 20th, 1945, became vested in Stockhold, discharged of the public easement therein. *Friedman* v. *Snare & Triest Co.,* 71 *N. J. L.* 605; 61 *Atl. Rep.* 401, and cases cited. *Faulks* v. *Allenhurst,* 115 *N. J. L.* 456; 180 *Atl. Rep.* 877. It will be seen from the foregoing, that the ordinance power of a municipality is not all-inclusive and unrestricted, but is subject to exceptions, and, unless some other valid reason exists, such power cannot be exercised to disturb or otherwise impair a vested private right.

The next contention advanced by the municipality is more serious. It is asserted that the ordinance of November 20th, 1945, was procured upon the fraudulent misrepresentations of Stockhold. To understand and evaluate this contention, it is necessary to review the facts and circumstances leading up to the adoption of the ordinance. Mr. Stockhold is the owner of a large chicken farm in the respondent municipality,

having acquired the land in 1942. He thereupon determined to engage in the raising of pedigreed chickens from a scientific standpoint, and with this view in mind, expended a considerable amount of money, which he states was approximately $125,000. Bates Road, cutting through his property, had the effect of creating a detriment to his chicken business. He further complained that young boys were using Bates Road for the purpose of driving ramshackle and noisy, worn-out automobiles over the road, creating a disturbance that was not at all conducive to the proper and efficient conduct of the poultry business. Mr. Stockhold testified, that in October of 1945, he requested the Township Commitee of the Township of Jackson, to vacate the portion of Bates Road which ran through his property; that he requested the Township Committee to inspect the road for the purpose of determining that there was little or no traffic upon it, and that the Township Committee members informed him that they were aware of his problem and knew about his difficulties. This testimony was not refuted by members of the governing body. The testimony discloses that Bates Road is a narrow road and very infrequently used, and the Township has not seen fit to grade, scrape or otherwise maintain it for a considerable number of years. The ordinance vacating the portion of the road in question was introduced on October 16th, 1945. Notice of the introduction of the proposed ordinance and the date when it was to be considered for final passage and adoption was duly published in a newspaper, and, there being no objection, the ordinance was accordingly adopted on November 20th, 1945. The version of the defendant-respondent municipality is entirely different. It is said that Mr. Stockhold appeared before the Township Committee and represented that there were no objections on the part of the surrounding property owners; that no one used the road any more except some children who created a nuisance to his chicken farm; and that, as a result of such representations and in reliance thereon, the vacating ordinance of November 20th, 1945, was adopted. It was testified by members of the Township Committee that, had the true situation been divulged by Mr. Stockhold, the vacating ordinance would never have been passed.

It appears that the matter became agitated when Mr. Stockhold erected a barricade across the road in May of 1946, which effectively barred the public from the use of Bates Road through his property. The Township Committee was approached by several property owners and a petition circulated in the neighborhood objecting to the closing of the road. These actions had an effect upon the Township Committee, and the repealing ordinance was introduced on May 21st, 1946. The ensuing litigation resulted.

The rule is established that "findings of fact on conflicting evidence, or on uncontradicted evidence reasonably susceptible of divergent inferences, are conclusive on error." Such findings will, therefore, not be disturbed by this court upon appeal. *Continental Purchasing Co.* v. *Norelli et al.,* 135 *N. J. L.* 93; 48 *Atl. Rep.* (*2d*) 816. However, it is also settled "that we do not hesitate to reverse where there is no competent evidence to support a fact conclusion arrived at below." *Everson* v. *Board of Education of Ewing Township,* 133 *N. J. L.* 350; 44 *Atl. Rep.* (*2d*) 333. Our review of the proofs adduced leads us to the conclusion that there was no evidence of fraud and no evidence to support a finding that the action in vacating the road was palpably not in the service of the public interest. The ordinance of November 20th, 1945, was unquestionably passed and adopted in full compliance with all the requirements of the applicable statute. That the Township Committee later regretted its action cannot condone or in any way validate its action of enacting the repealing ordinance of June 6th, 1946. It is urged by the defendant municipality that, although notice of the introduction of and date fixed for the final passage of the ordinance of November 20th, 1945, was duly advertised in the *Ocean County Sun,* a local newspaper used by Jackson Township for its legal notices, no notice of the proposed action was mailed to the various property owners who might be affected by the proposed vacating of Bates Road. This contention cannot avail, since *R. S.* 40:49–6 specifically states that failure to mail the notices shall not invalidate the ordinance.

We have considered all the other points raised by defendant-respondent, and find them to be without merit.

The judgment below is reversed, and the ordinance of June 6th, 1946, entitled "An Ordinance to Repeal an Ordinance Entitled 'An Ordinance Vacating a Part of a Public Highway or Road in Jackson Township, Ocean County, New Jersey, Known as and Named Bates Road,' " is set aside.

*For affirmance*—HEHER, J. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DONGES, COLIE, EASTWOOD, BURLING, WELLS, DILL, FREUND, MCGEE-HAN, MCLEAN, JJ. 11.