109 N.J. Super. 231 (1970)
262 A.2d 910
PAUL KIERNAN, JR., PLAINTIFF,
v.
RUDOLPH F. PRIMAVERA AND MINNIE I. PRIMAVERA, HIS WIFE, JAMES VANCELIS, SINGLE, AND MONMOUTH COUNTY NATIONAL BANK, A NATIONAL BANKING CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 3, 1970.
*233 Mr. Martin M. Barger appeared for plaintiff (Messrs. Reussille, Cornwell, Mausner & Carotenuto, attorneys).
Mr. V. David Shaheen, Jr. appeared for defendants Primavera (Messrs. Giordano, Giordano & Halleran, attorneys).
*234 LANE, J.S.C.
Plaintiff seeks to quiet title to certain premises in the City of Long Branch insofar as any claims of defendants are concerned. Defendants Primavera counterclaimed to quiet their title insofar as any claim of plaintiff is concerned. Defaults have been entered against the other defendants. The matter is before the court on final hearing.
The premises in question consist of a strip of land approximately 200' x 40' which was originally part of a large tract of land owned by Carolyn M. Shepard. A subdivision map was filed in the Monmouth County Clerk's office September 24, 1871 designating the premises in question as Shepard Avenue. The premises and the lands lying south of it in the tract were conveyed by the Shepards and on October 15, 1903 came into the ownership of William C. Keller. The property immediately south of the premises in question became, by mesne conveyances vested in the New Jersey Mortgage & Trust Company. On August 25, 1913 that company conveyed a portion of this property to the City of Long Branch for a roadway, now a public street known as West End Court. This street lies immediately to the south of the premises in question, and the Primavera property lies immediately to the north.
On the 1906 Long Branch tax map the premises in question is shown as an enclosed lot although designated both "Shepard Avenue" and "Block 65, Lot 22." The tax duplicates for 1928 (the records in Freehold and Long Branch go back no further) show the premises in question as being owned by the New York and Long Branch Railroad Company. In 1959 the error in assessment was discovered and the last record title holder, William C. Keller, was assessed for the taxes for that year. Since the 1959 taxes were not paid, there was a tax sale to the City of Long Branch in 1960. Thereafter, Long Branch commenced an in rem tax foreclosure action which resulted in a judgment dated February 6, 1964 and recorded February 13, 1964.
*235 On December 29, 1964 Long Branch passed an ordinance vacating Shepard Avenue. On January 11, 1965 the city sold the premises to plaintiff's immediate predecessor in title. The deed to plaintiff was dated January 5, 1968. There is no charge of any intrigue or venal impropriety on the part of the city, the purchaser from the city or plaintiff.
Defendants contend that since the deeds to their predecessors in title conveyed the respective lots by description abutting Shepard Avenue, the conveyances included one-half of Shepard Avenue subject to the rights of the public by the prior dedication, and therefore, upon the adoption of the ordinance vacating Shepard Avenue it vested in them to the center line discharged of the public easement. State v. Cooper, 24 N.J. 261, 267 (1957), cert. den. 355 U.S. 829, 78 S.Ct. 41, 2 L.Ed.2d 42 (1957); Stockhold v. Jackson Twp., 136 N.J.L. 264 (E. & A. 1947). They contend that the in rem tax foreclosure proceedings were invalid because Shepard Avenue had, in fact been accepted as a public street and, therefore, was not the subject of taxation, and because they had no notice of the in rem tax foreclosure action.
It is conceded that when lands are sold with reference to a map upon which lots and streets are delineated, there is a dedication of the streets to the public, which dedication cannot be revoked except by consent of the municipality. Highway Holding Co. v. Yara Engineering Corp., 22 N.J. 119, 126 (1956). There must, however, be an acceptance of the dedication, either by municipal action or by public usage, before the municipality becomes responsible for the street.
Here, there was no ordinance or resolution of the municipal governing body accepting Shepard Avenue. The failure to assess until 1959 did not constitute acceptance. Arnold v. Orange, 73 N.J. Eq. 280, 282 (Ch. 1907); Fuller v. Belleville Tp., 67 N.J. Eq. 468 (Ch. 1904). It was consistent with the tax duplicates showing the owner as the *236 New York and Long Branch Railroad Company. Defendants have failed to show any action on the part of Long Branch that would constitute express or implied acceptance of Shepard Avenue.
Defendants urge that there has been acceptance by public use. Stores have been erected on their property. Since 1958 customers and deliverymen to the stores have used the premises in question for parking purposes. In addition, a portion of the premises has been used for access to the rear of the stores, although such use for access is not necessary. It is contended that if retail stores are built on the property known as Shepard Avenue (which is plaintiff's intention), parking in the surrounding public streets for patrons of the stores on defendants' property and others would be congested and suppliers would have difficulty making deliveries to the stores. The lot itself is vacant, unoccupied and partially overgrown with weeds.
Defendants assert that with the dedication, public use for less than 20 years constitutes acceptance as a public street. In Velasco v. Goldman Builders, Inc., 93 N.J. Super. 123 (App. Div. 1966), the court stated:
Municipalities by appropriate ordinance or resolution may, and often do, formally accept an offer of dedication, see N.J.S.A. 40:67-1(b), but the acceptance may also be effectuated by other official conduct which manifests an intent to treat the land in question as dedicated to public use. Thus, an acceptance of dedicated lands may be found "even though no action has been taken by the appropriate public authorities, if there has been `an actual enjoyment by the public of the use for such length of time that the public accommodation would be materially affected by a denial or interruption of enjoyment,' * * *." Cunningham and Tischler, supra, 15 Rutgers L. Rev., at p. 398. * * * [at 137-138]
Cunningham and Tischler in "Dedication of Lands in New Jersey," 15 Rutgers L. Rev. 377 (1961), said:
An acceptance of dedicated lands may be found even though no action has been taken by the appropriate public authorities, if there *237 has been "an actual enjoyment by the public of the use for such length of time that the public accommodation would be materially affected by a denial or interruption of enjoyment," or public user for twenty years without proof that the public would be seriously discommoded were the use to be interrupted. Sed quaere why either a showing of necessity for continued public user or twenty years' public user should be required when the issue is not whether a dedication should be implied but whether a dedication established by proof of facts other than public user has been accepted. * * * [at 398]
In support of the statement that acceptance may be found if there has been "an actual enjoyment by the public of the use for such length of time that the public accommodation would be materially affected by denial or interruption of enjoyment" the authors cite N.Y. & L.B.R.R. Co. v. South Amboy, 57 N.J.L. 252 (Sup. Ct. 1894), and Packer v. Woodbury, 3 N.J. Misc. 661, 129 A. 406 (Sup. Ct. 1925).
The portion of the opinion in N.Y. & L.B.R.R. Co. v. South Amboy, supra, relied upon by Cunningham and Tischler was dictum. In addition, that court relied upon Attorney General ex rel. Stickle v. Morris & Essex R.R. Co., 19 N.J. Eq. 386 (Ch. 1869), reversed on jurisdictional grounds sub nom. Morris & Essex R.R. Co. v. Prudden, 20 N.J. Eq. 530, 539 (E. & A. 1869).
In that case the Chancellor stated:
* * * It is now too well settled to be doubted or discussed, that if the owner of a tract of land lays it out in blocks, lots, streets and squares, and sells lots by reference to the map, or in the conveyance abuts them on the streets so laid out, the streets and squares on the maps so referred to, or the street on which the lot is so abutted when the map is not referred to, become thereby dedicated to public use; or, if the owner of land marks out a street by erecting buildings on each side of it, and then sells or leases these buildings, the space so marked out is thereby dedicated to public use. The purchasers of the lots acquire an easement or right in the lands so laid out as streets, and have a right to pass over them, and to have them taken by the proper authorities for public streets, without compensation to the owner. By such dedication the streets do not become public highways; they are not such until accepted by the proper public authorities, or until used by the public as highways for twenty years; until then, there is no right acquired by the public, but only by the purchasers of lots, by whose consent the *238 easements may be surrendered and the land freed from all claim by the rest of the public. These principles have been declared as law by the courts of this state, and affirmed by the Court of Errors, by repeated decisions. Den v. Dummer, Spencer 106; Holmes v. Jersey City, 1 Beas. 299; Jersey City v. Morris Canal and Banking Company, Ibid. 547. [19 N.J. Eq., at 391]
Packer v. Woodbury, supra, used the same language as Cunningham and Tischler did from N.Y. & L.B.R.R. Co. v. South Amboy, supra. The statement was dictum.
In support of the proposition that to constitute acceptance by public user there need be no specific length of time of user shown, Cunningham and Tischler refer to Booraem v. North Hudson County R.R. Co., 40 N.J. Eq. 557 (E. & A. 1885), and Schmidt v. Spaeth, 82 N.J.L. 575 (E. & A. 1911). 15 Rutgers L. Rev., at 398, n. 115.
Booraem v. North Hudson County R.R. Co., supra, is of no assistance in determining whether to constitute acceptance the public user may be for a period of less than 20 years. The court merely stated:
The extention of Ogden Avenue over the premises conveyed did not, ipso facto, become a public highway by the provisions in the complainant's deed. Acceptance by the public authorities or public user is essential to the creation of public highways. Holmes v. Jersey City, 1 Beas. 299. The reason of this rule is that private persons cannot impose upon the public the expenses of the opening or emendation of public highways. * * * [40 N.J. Eq., at 563]
Schmidt v. Spaeth, supra, stated the general rule:
* * * But the dedication of land for the purpose of a public highway does not, ipso facto, create such a highway. There must be not only a dedication by the owner for that purpose, but an acceptance of that dedication by the public, in order to create it. Holmes v. Jersey City, 1 Beas. 309; Pope v. Town of Union, 3 C.E. Gr. 283; Attorney-General v. Morris and Essex Railroad Co., 4 Id. 391; Booraem v. North Hudson County Railway Co., 12 Stew. Eq. 467; S.C., on appeal, 13 Id. 563; New York and Long Branch Railroad Co. v. South Amboy, 28 Vroom 258, 259. Such acceptance may be indicated by formal action on the part of the representatives of the public having authority over highways, or by public user of the dedicated land. Booraem v. North Hudson County Railway Co., *239 13 Stew Eq. 563; Abbott v. Cottage City, 143 Mass. [521] 525; [10 N.E. 325]; Ell. S. & Roads (ed. 1890) 114. [82 N.J.L., at 578]
The case held that there was no formal act by the public authorities indicating an acceptance and no conclusive evidence of "such a public user of the street as would indicate an acceptance of it by the public." It was later held that there had been acts on the part of the municipality that constituted acceptance. Schmidt v. Spaeth, 86 N.J.L. 179 (E. & A. 1914).
The most recent statement by our highest court on the subject is contained in Highway Holding Co. v. Yara Engineering Corp., 22 N.J. 119 (1956). The court stated:
It is settled that mere dedication of streets by a filed map or a reference in a deed to such map, and the opening of the streets as laid out, does not constitute them public highways, unless or until such streets are in some way accepted by public authorities or they are used by the public generally for 20 years as highways. Holmes v. Jersey City, 12 N.J. Eq. 299, at page 309 (E. & A. 1857); Attorney General ex rel. Stickle v. Morris and Essex R.R. Co., 19 N.J. Eq. 386, at page 391 (Ch. 1869), reversed on jurisdictional ground Morris & Essex R.R. Co. v. Prudden, 20 N.J. Eq. 530, at page 539 (E. & A. 1869) [at 127]
As to this case Cunningham and Tischler say, 15 Rutgers L. Rev., at 398, n. 115:
In the Highway Holding Co. case, supra note 114, the statement as to twenty years' user by the public was obiter dictum.
Actually, no New Jersey case has been cited to or found by this court, nor is any case referred to by Cunningham and Tischler, which holds that there was acceptance of a dedication by public user for any number of years. All of the statements in the cases are dicta. There can be no doubt that the public can acquire a right to use a street that has been dedicated and used for a period of less than 20 years. Attorney General ex rel. Stickle v. Morris & Essex R.R. Co., supra, 19 N.J. Eq., at 392. Such right to use, *240 however, is entirely different from acceptance so as to make the municipality responsible for the street and take the land off the tax rolls.
In each case finding acceptance the court has relied upon municipal action evidencing an intention to accept. Although the statement in Highway Holding Co. v. Yara Engineering Co., supra, was dictum, it expresses a rule based upon logic. Serious financial consequences to a municipality follow upon acceptance of a dedicated street. The expense of maintenance, sewering, lighting and patrolling the street; the possibility of liability in connection with use of the street, and the removal of the land from the tax rolls are not to be taken lightly. So indefinite a standard as "an actual enjoyment by the public of the use for such length of time that the public accommodation would be materially affected by a denial or interruption of enjoyment" should be avoided in view of the consequences to the municipality. If a sufficiently large segment of the public wants a municipality to assume the burden of a dedicated street, it can accomplish its aim directly by causing the municipality to accept the street by ordinance or resolution.
Here there was no evidence that Shepard Avenue was used by the public "generally for 20 years" as a highway. There has been no acceptance by public usage.
Such use as has been made of the premises in question by the public, even if continued for a period of 20 years, would not constitute acceptance. To constitute acceptance the public user "must be unequivocal and consistent with the purpose of the dedication * * *." 15 Rutgers L. Rev., supra, at 398. Here the use by the public was as a parking lot and not as a street. Not having been used for the purpose of dedication, there could be no acceptance. Brindley v. Lavallette, 33 N.J. Super. 344, 352 (Law Div. 1954). The so-called "avenue" connected nothing. It was never used as a thoroughfare to get from one street to another street.
*241 There has been no acceptance by public usage. It follows, therefore, that an assessment was properly made upon the premises in question even though there had been a dedication. Pt. Pleasant Manor Building Co. v. Brown, 42 N.J. Super. 297, 305 (App. Div. 1956), certif. den. 23 N.J. 140 (1957).
It is argued by defendants that the assessment was void because at the time of the assessment Long Branch owned one-half of Shepard Avenue. Even if the assessment in fact was made on the entire parcel known as Shepard Avenue, it would not be void but merely irregular. Such irregularity cannot be collaterally attacked by these defendants. N.J.S.A. 54:3-21.
Defendants do not dispute that Long Branch complied "with the letter of the Notice statute involved herein." It is admitted that the in rem tax foreclosure statute only requires publication. Newark v. Yeskel, 5 N.J. 313 (1950). Defendants seek to distinguish that case because the court was there dealing with landowners, whereas defendants claim that they were not the owners of the land until the adoption of the ordinance vacating the street. That contention, however, is in error. If they had ownership of part of Shepard Avenue, the dedication did not deprive them of the fee but merely made it subject to the rights of the public. State by State Highway Com'r. v. Cooper, 24 N.J. 261, 267 (1957), cert. den. 355 U.S. 829, 78 S.Ct. 41, 2 L.Ed.2d 42 (1957); Stockhold v. Jackson Tp., 136 N.J.L. 264 (E. & A. 1947).
N.J.S.A. 54:5-104.31 provides that the in rem statute shall be "liberally construed as remedial legislation to encourage the barring of rights of redemption * * *." It is admitted that the city complied with the notice provisions contained in N.J.S.A. 54:5-104.42. Defendants assert that the city should have gone further and given actual notice to them because they were the last persons in the chain of title. In East Rutherford v. Sisselman. 26 N.J. *242 Super. 133 (Ch. Div. 1953), it was held that plaintiff had complied with N.J.S.A. 54:5-104.38 (repealed, L. 1953, c. 51), by setting forth in the complaint the name of the last record owner rather than the name of the last person in the chain of title. At the time of the filing of the complaint in the in rem tax foreclosure proceeding, the contents of the complaint was governed by R.R. 4:82-7. That rule did not differ from the provisions of N.J.S.A. 54:5-104.38. Defendants' argument here is the same as that made in East Rutherford v. Sisselman, supra. Here the 1959 assessment was made to the last record owner. The complaint needed to go no further. There was no defect in the in rem tax foreclosure proceedings.
There will be a judgment that defendants Primavera have no interest in the lands that are the subject matter of this suit and that in respect to such lands, so far as relates to any claim by or on behalf of defendants Primavera, plaintiff has an estate in fee simple. Costs will be allowed to plaintiff.