CRABTREE, J.T.C.
This is a local property tax case wherein plaintiff seeks review of a judgment of the Bergen County Board of Taxation affirming the 1982 assessment on plaintiff’s property located on Garland Way in Lyndhurst, N.J. (Block 228, Lot IB). The assessment was $83,300, all of which was allocated to land.
At issue is the legal effect of a deed purporting to convey the subject property to defendant-municipality in response to a planning board order. Plaintiff contends that the assessment is invalid as a matter of law, as the property is owned by defendant, not plaintiff.
The true value of the subject property is not in issue.
*248 On or about August 15, 1975 plaintiff applied to the Lyndhurst Planning Board for a minor subdivision of property owned by plaintiff and then known as Block 228, Lot 1, consisting of 9.06 acres, into 2 tracts of 8.21 acres (Lot 1A) and 0.85 acres (Lot 1B). At a duly called public hearing on October 15, 1975, the planning board approved the minor subdivision, subject, among other things, to the conveyance of Lot IB to the Township of Lyndhurst “to be used in its present natural state, no building to be constructed therein and to be used as a park.”
On June 21, 1983 plaintiff executed a deed purporting to convey the subject property to the Township of Lyndhurst. This deed was recorded July 12, 1983 in the Bergen County Clerk’s Office in Book 6764 at 570.
The deed purporting to convey the subject property to the Township of Lyndhurst was not executed until June 21, 1983, almost 21 months after the assessing date for the year in issue. It is well settled that real property must be assessed for tax purposes according to conditions and circumstances prevailing on the assessing date, i.e., on October 1 of the pre-tax year. Newark v. West Milford Tp., 9 N.J. 295, 303, 88 A.2d 211 (1952); Summit v. Overlook Hospital Ass’n, 4 N.J.Tax 183 (Tax Ct.1982); N.J.S.A. 54:4-23.
Even if the Lyndhurst Planning Board acted within its authority in requiring the conveyance of the subject property to the township as a condition of minor subdivision approval (a point which need not be decided), the inescapable fact is that plaintiff still owned the property on the assessing date. A dedication of land to public use requires an acceptance by the public body in order to vest rights of use and ownership in the public. Velasco v. Goldman Builders, Inc., 93 N.J.Super. 123, 225 A.2d 148 (App.Div.1966). Acceptance may be manifested not only by a resolution or ordinance but also by other official conduct indicating an intent to treat the land in question as dedicated to public use. National Paving v. Taxation Div. Director, 3 N.J.Tax 133 (Tax Ct.1981), aff’d o.b. per curiam 4 N.J.Tax 535 (App.Div.1982). Assuming arguendo that the *249 aforesaid action of the Lyndhurst Planning Board constitutes a form of dedication there is no evidence to indicate the township’s acceptance thereof on or about the assessing date. Until such acceptance the property sought to be dedicated remains subject to local property taxes. Point Pleasant Manor Building Co. v. Brown, 42 N.J.Super. 297, 126 A.2d 219 (App.Div.1956), certif. den. 23 N.J. 140, 128 A.2d 309 (1957); Kiernan v. Primavera, 109 N.J.Super. 231, 262 A.2d 910 (Ch.Div.1970).
Judgment will be entered affirming the judgment of the Bergen County Board of Taxation.