On March 22d 1933, the Hercules Building and Loan Association entered into an agreement with the borough of Waldwick, a municipal corporation of New Jersey, whereby the association agreed to pay for the construction and intallation of a water main on Schuler avenue in said borough, to provide water service to seven houses owned by the association which were located on said avenue. The borough passed a resolution authorizing the execution of the said contract, and the water main was laid in accordance with the terms of the same. Under the provisions of the contract the association furnished the necessary pipe line, valves, c., at a cost of $340.07. It agreed, in addition thereto, to pay, and did pay, a ten per cent. commission on the cost of the materials to the borough engineer of Waldwick for his services in the supervision *Page 566 
of the work. The borough furnished the labor from its unemployed relief rolls, which was in accordance with said agreement. The said association paid the borough $100 upon the completion of the laying of the water main and the installation of seven taps for house connections to the seven houses.
Subsequently, the defendant Gauzzi caused the said water main to be tapped and a connection was made with his house which was fronting on said Schuler avenue. One Perry, while in the act of tapping the water main for the connection to Gauzzi's house, was warned by a representative of the complainant against proceeding with the tapping, and a notice of protest by the complainant against allowing Gauzzi to make a connection with the said water main was also given to the borough; the said water main, notwithstanding, was tapped and a connection was made with Gauzzi's house. Water is being served Gauzzi by the borough through the said water main and he pays the sum of $1 per month to the borough for the service.
This suit is brought to restrain Gauzzi from receiving, and the borough from furnishing Gauzzi with water through the said water main.
The agreement between the association and the borough repeatedly refers to the said Schuler avenue as a private street or highway. Paragraph 2 of the said agreement is as follows:
"(2) The Hercules Building and Loan Association does hereby give and grant unto the Borough of Waldwick, a municipal corporation of the State of New Jersey, its servants and agents, an easement over and along the said private street or highway, known as Schuler Avenue in the Borough of Waldwick, for a distance of 525 feet East of Crescent Avenue in said Borough, and the said Borough of Waldwick, its servants and agents are given the right at any time to go in and upon the said private street or highway, known as Schuler Avenue, for a distance of 525 feet East of Crescent Avenue in said Borough to make any repairs or improvements to said water mains so laid, as is necessary in the judgment of the Borough engineer of the Borough of Waldwick."
In 1927, the Waldwick Lake Improvement Company prepared a map showing lots by lot and block numbers, and certain *Page 567 
streets, among which streets was Schuler avenue, in the borough of Waldwick, which was submitted to the mayor and council of the borough, and by resolution of said mayor and council was duly approved on April 7th, 1927, which said map was also filed in the office of the clerk of Bergen county on June 10th, 1927, as map No. 2280.
On June 15th, 1928, fourteen of the lots mentioned on said map were sold by the said improvement company to the Lake View Manor Corporation, the predecessors in title of the Hercules Building and Loan Association, which is the predecessor in title of the Hercules Trust Estate. The lots were sold by reference to lot numbers and block letters on said map. On June 28th, 1933, the Hercules Building and Loan Association conveyed the said fourteen lots to the complainant. The other lots shown on the said map were sold by lot and block numbers to divers purchasers by the Waldwick Lake Improvement Company by reference to the said map.
The defendants contend that the filing and approving of the map, as aforesaid, and the sales of properties mentioned thereon by reference to it, amounts to a dedication of such street to the use of the public. Support of their argument is found in these cases: Board of Trustees of Ridgefield Park v. New York, S. W. Railroad Co., 85 N.J. Law 278; City of Camden v. McAndrews Forbes Co., Ibid. 260; Board of Commissioners of Keyport v.Freehold and Atlantic Highlands Railroad Co., 74 N.J. Law 480,483; Mayor, c., of South Amboy v. New York and Long BranchRailroad Co., 66 N.J. Law 623; McAndrews Forbes Co. v. Cityof Camden, 78 N.J. Eq. 244; Van Duyne v. Knox Hat ManufacturingCo., 71 N.J. Eq. 375.
The court of errors and appeals, in the case of RidgefieldPark v. New York, S. W. Railroad Co., supra, said:
"We conceive that few propositions of law are better settled in this state than that, when the owner of a tract of land maps it into blocks, lots, and streets for purposes of sale, files his map in a public record office, and sells lots by reference to such map, he thereby dedicates the streets shown thereon to the public, so far as his ownership then extends. And when *Page 568 
a street has once been dedicated, the right of the public to appropriate it to their use at any time when their wants or convenience require it, cannot be defeated by any subsequent act of the dedicator, or of those claiming under him." McAndrews Forbes Co. v. Camden, supra; Freeholders v. Sharpless,83 N.J. Law 443.
"The rule is, of course, too well settled to admit of question, that the use of such a map as a sales map, and reference to it in the deeds, and the description therein of lots as bounded on a designated street, constituted a dedication to public use of the street as laid out thereon." Camden v. McAndrews Forbes Co.,supra.
But the complainant says that in order to constitute a dedication of a public highway there must first be an acceptance by the public, citing Booraem v. North Hudson County RailwayCo., 40 N.J. Eq. 557; Holmes v. Mayor, c., of Jersey City,12 N.J. Eq. 299; Darling v. Mayor, c., of Jersey City, 73 N.J. Eq. 318; Arnold v. City of Orange, Ibid. 280; Wheeler v.Borough of Cliffside Park, 97 N.J. Law 364, and it (complainant) alleges that there has been no act, formal or otherwise, by the borough, which would constitute an acceptance. It emphasizes the fact that the contract between the building and loan and the borough is definite evidence that the borough did not accept or regard Schuler avenue as dedicated to the public, but it points out that the borough, in the contract referred to, treated and designated Schuler avenue as a "private street or highway." In Peoples Traction Co. v. Atlantic City,71 N.J. Law 134, the court said:
"We think the evidence shows that the streets were dedicated by the filing of maps and sales of lots upon them and were accepted by the city by resolution accepting them and also by the passage of this very ordinance in which provision is made for their improvement by paving."
In the case last cited the city exercised a definite public sovereignty over the street; it improved it; but, in the instant case, the water main was not constructed by the city, it was laid by a private owner, and the city aided in the work *Page 569 
with its, then, unemployed labor. In United New Jersey Railroadand Canal Co. v. Crucible Steel Co., 85 N.J. Eq. 7; affirmed,86 N.J. Eq. 258, the principle was laid down that until there is an acceptance of a dedicated street by some municipal act or public usage, the public acquires no rights therein and is subject to no duties by reason of the dedication. I think there is merit to the complainant's argument that the borough is estopped to deny the rights of the complainant by virtue of its contract with the association; it definitely recognizes the association as the owner of a "private street or highway" known as Schuler avenue.
The complainant bought and paid for the material used in the construction of the water main; and at no time was there a transfer, formal, implied, or otherwise, of the title to that water main. A municipality granting permission to a private company, or individual, to lay tracks through its public streets, does not, through such permission, acquire a right, or privilege, to use such tracks, or to claim the title to them.
The complainant maintains that the borough was, and is, in the business of supplying water to consumers at a profit; and it points to the testimony of the mayor of the borough in support of its point. It asserts that the borough, in the instant case, is not to be regarded merely as a municipal corporation, but, also, as one that is operating a business for a profit.
The mayor of the borough, referring to Schuler avenue, testified: "The street was dedicated to public use but was nottaken over by the borough." The bill of complaint charges that the water main is a private one and is owned by the complainant. The defendants, in their answer, admit the truth of these allegations.
I believe, notwithstanding defendants' contention, the complainant is within its rights in instituting this suit in this court, rather than at law; this is the proper tribunal to adjudicate the question involved. Only equity could give relief where a municipality cloaks itself with unwarranted power to pass upon and authorize the use of private property in which it has no interest. A municipality cannot authorize *Page 570 
a trespass upon private property. The complainant in open court offered to return the water main to the borough upon repayment of cost of construction, or, in the alternative, to consent to the tapping of its water main by other residents of Schuler avenue who agree to pay their proportionate share of the cost of construction. If the parties defendants wish to accept that proposition, the case will be disposed of upon such terms. In the event that they do not agree to accept the offer of the complainant, I shall advise an order founded on the evidence that the borough never did accept Schuler avenue for the public use and that the complainant is still the owner of said water main, and that it is entitled to the relief it seeks by its bill.